# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP,<br><br>Plaintiffs,<br><br>v.<br><br>WINE RIDGE PLACE HOMEOWNERS ASSOCIATION; VENEROSO BPB TRUST; PBB & BPB BUSINESS TRUST; NEVADA ASSOCIATION SERVICES, INC,<br><br>Defendants. | Case No. 2:16-cv-02919-RFB-DJA<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiff Bank of America, N.A. ("BANA") and Federal National Mortgage Association's ("Fannie Mae") Motion for Summary Judgment and Defendant Wine Ridge Place Homeowners Association's (the HOA) Motion for Summary Judgment. ECF Nos. 28, 29. For the following reasons, the Court grants Plaintiff's motion.

## II. PROCEDURAL BACKGROUND

Plaintiffs sued Defendants on December 16, 2016. ECF No. 1. Plaintiffs seek declaratory relief that a nonjudicial foreclosure sale conducted in 2011 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish Fannie Mae's interest in a Las Vegas property. Id. To obtain the relief, Fannie Mae asserts five claims in the Complaint: (1) declaratory relief under

12 U.S.C. § 4617(j)(3) Defendant PBB & BPB Business Trust ("PBB"); (2) quiet title under 12 U.S.C. § 4617(j)(3) against PBB; (3) declaratory relief under the Fifth and the Fourteenth Amendments to the United States Constitution against all Defendants; (4) quiet title under the Fifth and the Fourteenth Amendments to the United States Constitution against PBB; and (5) permanent and preliminary injunctions against all Defendants. Id. The HOA filed a motion to dismiss or in the alternative for summary judgment on February 17, 2017. ECF No. 17. The Court denied the motion without prejudice and stayed litigation pending resolution of pertinent Ninth Circuit and Nevada Supreme Court proceedings. ECF Nos. 20, 21. The Court lifted the stay on April 10, 2019. ECF No. 27.

On May 17, 2019, Plaintiffs and the HOA both moved for summary judgment. ECF Nos. 28, 29. Both motions were fully briefed. ECF Nos. 30–34.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 8967 Veneroso Street, Las Vegas, NV 89148 (the "property"). The property sits in a community governed by the HOA. The HOA requires its community members to pay HOA dues.

Nonparty Dionne Collins borrowed funds from CCSF, LLC dba Greystone Financial Group to purchase the property in July 2006. To obtain the loan, Collins executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Collins as the borrower, CCSF, LLC as the lender, and Mortgage Electronic Registration

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

- 2 -

Systems, Inc., ("MERS") as the beneficiary, was recorded on July 28, 2006. MERS recorded an assignment of the deed of trust BAC Home Loans Servicing ("BAC"), which merged with BANA in 2011.

Collins fell behind on HOA payments. From November 2009 through December 2011, the HOA, through its agent, recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell and then a notice of foreclosure sale. On December 16, 2011, the HOA held a foreclosure sale on the property under NRS Chapter 116. Defendant Veneroso BPB Trust acquired the property at the foreclosure sale as recorded in a foreclosure deed on December 21, 2011. All properties acquired by Veneroso BPB Trust were later transferred into PBB & BPB Business Trust pursuant to a court order.

However, Federal National Mortgage Association ("Fannie Mae") previously purchased the note and the deed of trust in August 2006. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. BAC, now BANA through de jure merger, serviced the note and was listed as the beneficiary of the deed of trust, on behalf of Fannie Mae, at the time of the foreclosure.

The relationship between Fannie Mae and its servicers, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and

recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "Enterprises"). In accordance with its authority, FHFA placed the Enterprises, including Fannie Mae, under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The Court finds there to be no material disputed facts.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### V. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter.[2] The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless the FHFA affirmatively consented to the extinguishment

---

[2] Because the Court finds that the Federal Foreclosure Bar is dispositive in this case, the Court does not make any factual findings or address the issue of tender in this matter.

of the interest. Berezovksy, 869 F.3d at 927–31. Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932–33. The Court finds that the evidence establishes that Fannie Mae had an interest in the property at the time of the HOA foreclosure sale.

The Court considers if Plaintiffs provided the proper foundation and sufficient evidence to show that Fannie Mae acquired a property interest prior to the foreclosure sale. To establish Fannie Mae's property interest, Plaintiffs attach printouts from Fannie Mae's Servicer and Investor Reporting ("SIR") electronic database. The printouts are accompanied by a declaration of Graham Babin, an employee of Fannie Mae. Babin translates the printouts and identifies the Guide. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that recount the servicing history of the loan. The printouts support the finding that there was a servicing relationship between Fannie Mae and BANA's predecessor-in-interest BAC at the time of the foreclosure sale. The Court finds this to be sufficient to establish Fannie Mae's interest at the time of the foreclosure sale, as has the Ninth Circuit and the Nevada Supreme Court, with substantially similar evidence. See, e.g., Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations and computer screenshots to establish Freddie Mac's property interest); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018) (same); Daisy Trust v. Wells Fargo Bank, N.A, 445 P.3d 846, 850 (Nev. 2019) (favorably citing Berezovsky).

The Court also finds that there is no evidence in the record that FHFA affirmatively consented to the sale. The Ninth Circuit is clear in its construing of 12 U.S.C. § 4617j(3) that it

///

does not provide for implied consent to foreclosure sales. Berezovsky, 869 F.3d at 929. Without evidence of affirmative consent, the Court will not find that FHFA consented to the sale.

Based on the foregoing, the Court grants summary judgment in favor of Plaintiffs and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims as a result.

### VI. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 28) is granted. The Court declares that Defendants Veneroso BPB Trust and PBB & BPB Business Trust acquired the property subject to Fannie Mae's deed of trust. The Clerk of the Court is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendant Wine Ridge Place Homeowners Association's Motion for Summary Judgement (ECF No. 29) is denied as moot.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case is expunged. (ECF No. 3).

The Clerk of Court is instructed to close this case.

DATED: November 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**